IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SHAMANIQUE FLINT, *as the surviving parent and administrator of the Estate of Zikarious Flint*,

    Plaintiff,

vs.

OFFICER BENJAMIN SCOTT,

    Defendant.

CASE NO. 4:16-CV-159 (CDL)

O R D E R

Each party seeks to exclude testimony from the other party's expert (ECF Nos. 24 & 31). For the reasons explained in the remainder of this Order, those motions are denied to the extent described below.[1]

Both parties have identified "use of force" experts. Plaintiff's use of force expert opines that Defendant used excessive force when he shot and killed Plaintiff's son. Defendant's expert opines that his actions were reasonable under the circumstances and that he did not use excessive force. In the Eleventh Circuit, "[t]estimony by [use of force] experts is generally admissible as long as the jury is properly informed that the expert is testifying only 'regarding prevailing

---

[1] The parties filed these motions in conjunction with Defendant's motion for summary judgment. The Court has denied that motion without regard to the parties' expert testimony (ECF No. 38). The Court today rules on the motions to exclude expert testimony with an eye toward trial.

1

standards in the field of law enforcement.'" *Ayers v. Harrison*, 650 F. App'x 709, 719 (11th Cir. 2016) (per curiam) (quoting *Samples v. City of Atlanta*, 916 F.2d 1549, 1551 (11th Cir. 1990)). Therefore, no blanket prohibition against "use of force expert testimony" has been adopted in this Circuit. To determine whether the specific opinions of the parties' experts are otherwise inadmissible, the Court analyzes the proffered testimony under Federal Rule of Evidence 702.

Under Rule 702, the Court serves as the gatekeeper "to keep out irrelevant or unreliable expert testimony." *United States v. Ala. Power Co.*, 730 F.3d 1278, 1282 (11th Cir. 2013) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145 (1999) and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993)). "This gatekeeping role, however, 'is not intended to supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* at 1282 (quoting *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311-12 (11th Cir. 1999)).

In evaluating the admissibility of expert testimony under Rule 702, the Court must consider whether "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert

2

reaches his conclusions is sufficiently reliable . . .; and (3) the testimony assists the trier of fact . . . to understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc). These basic requirements of qualification, reliability, and helpfulness "remain distinct concepts" not to be conflated. *Id*. The Court's goal is to ensure that an expert "'employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Id*. (quoting *Kumho Tire*, 526 U.S. at 152). To allow the testimony to be considered by the jury, the Court must find that "'it is properly grounded, well-reasoned, and not speculative . . . .'" *Id.* at 1262 (quoting Fed. R. Evid. 702 advisory comm. note (2000 amends)).

**I. Plaintiff's Motion to Exclude Defendant's Expert**

Defendant identified Scott Johnson, a retired Georgia State Patrol lieutenant with twenty years of law enforcement experience, as his expert witness. Plaintiff objects to seventeen of Johnson's opinions. These objections follow the same formula--attack the opinions as unsupported by the factual record, criticize the opinions as lacking explanation or analysis, and paint the opinions as "legal conclusions." The Court finds these objections unpersuasive. Johnson's report indicates that he reviewed and relied on all the materials in

3

the Georgia Bureau of Investigation ("GBI") report regarding the shooting to form his opinions and that he visited the scene and interviewed Defendant. His report then describes the events leading up to the shooting in detail. *See* Pl.'s Mot. to Exclude, Johnson Expert Report 5-6, ECF No. 31-1 [hereinafter Johnson Report]. Plaintiff's disagreement with Johnson's interpretation of the facts from these sources does not make Johnson's opinion factually unsupported. The Court is satisfied that Johnson's opinions are supported by a sufficient factual foundation.

The Court also rejects Plaintiff's suggestion that Johnson's opinions must be excluded because his analysis is not sufficiently detailed. Johnson clearly states the basis of his opinions, which he formulated from his "training, education, knowledge, experience, and professional qualifications in police operations, practices, and procedures." He adequately explains why he believes Defendant's conduct was appropriate and he provides his opinions "within a reasonable degree of professional certainty." *Id*. at 5. The Court finds no "analytical gap" between Johnson's facts and opinions that justifies exclusion of the testimony. His testimony is not of the "I'm an expert, just trust me" variety. He has adequately explained the basis for his opinions.

Johnson's opinions are also not inadmissible simply because they may embrace an ultimate issue in the case. *See* Fed. R. Evid. 704(a). Police officers must abide by the Fourth Amendment's "reasonableness" standard, and a use of force expert like Johnson may opine as to whether he thinks Defendant's conduct conformed to that standard.

Plaintiff also attacks the following specific aspects of Johnson's opinions. Johnson opines that (1) Defendant was in a position of disadvantage during the pursuit; (2) Defendant's decision to hit Plaintiff's son with his vehicle was reasonable; and (3) the less-lethal uses of force employed by Defendant and his fellow officer were reasonable. Johnson Report at 5-6. Plaintiff argues that these opinions are irrelevant and unhelpful to the jury. The Court disagrees. These opinions explain what alternative steps were taken by the officers before using deadly force, how Plaintiff's son reacted, and how a reasonable officer would have perceived the fleeing suspect's conduct before the shooting. These steps form the "totality of circumstances" relevant to Defendant's later decision to use deadly force. This testimony is admissible.

Plaintiff also objects to the following opinions: (1) Defendant could not "tactically engage" Plaintiff's son when Defendant was in his vehicle; (2) Defendant had a difficult duty to protect bystanders from a fleeing, armed suspect; and (3)

5

Plaintiff's son was a threat to officers and bystanders during the pursuit. *Id*. Plaintiff argues that these opinions are not based on specialized knowledge and should be excluded as unnecessary. But Johnson's report indicates that his opinions are based on his decades-long career in law enforcement and his thousands of hours of specialized training. The average layperson is not familiar with law enforcement tactics, the issues that law enforcement officers must consider when pursuing a suspect, the factors an officer must consider before using deadly force, or the general standards governing police conduct. These opinions are certainly based on Johnson's specialized expertise and could assist the jury in determining whether Defendant's conduct was reasonable. They are admissible.

Johnson does make a couple of observations about Defendant's predisposition and emotional state that should be excluded. As part of the investigation, the GBI conducted a recorded walk through of the incident with Defendant. Johnson reviewed this recorded walk through, along with Defendant's training and personnel file, and opined that Defendant had no predisposition to shoot Plaintiff's son and that Defendant was genuinely emotional when recounting the incident. *Id*. at 6. These opinions are not helpful to the jury and do not require specialized knowledge such that expert testimony is necessary or appropriate. While Johnson may opine about what Defendant

6

encountered, how a reasonable officer would have reacted, and whether Defendant's conduct conformed to standard police practices, he may not opine on Defendant's credibility through expert testimony. Further, whether Defendant was predisposed to fire his weapon before the incident or was genuinely emotional after the incident does not help a jury determine whether Defendant's actual firing of the weapon was *objectively* reasonable. Therefore, the Court excludes these opinions.

**II. Defendant's Motion to Exclude Plaintiff's Expert**

Defendant seeks to exclude the testimony of Plaintiff's expert because Plaintiff did not adequately disclose his opinions in a timely manner. During discovery, Plaintiff disclosed Byron Hickey as a use of force expert pursuant to Federal Rule of Civil Procedure 26(a)(2). Hickey is a retired Columbus Police Department officer with thirty years of experience. Plaintiff provided a cursory report that listed Hickey's qualifications, the materials he would rely on, and a summary of his expected opinions. This report totaled two pages. *See* Def.'s Mot. to Exclude Pl.'s Expert Ex. 1, Pl.'s Disclosure of Expert Test., ECF No. 24-1. After the discovery period ended, Defendant moved to exclude the report as lacking any factual basis or analysis. In response, Plaintiff supplemented the expert report under Federal Rule of Civil Procedure 26(e). Hickey's "supplemented" report totals fifteen

7

pages.  Pl.'s Resp. to Def.'s Mot to Exclude Ex. A, Hickey Expert Report, ECF No. 30-1.  Plaintiff does not argue that new information justifies the supplemental disclosure.  Instead, the supplement appears to be an attempt by Plaintiff to bolster the initial report.  Defendant objects to the supplement because it was not provided within the discovery period.

A failure to timely supplement requires exclusion unless the failure is "justified or harmless."  Fed. R. Civ. P. 37(c). Supplementing an expert report after the close of discovery can be prejudicial if it prevents the opposing party from deposing the expert on the supplemental opinions or if it affects the opposing party's ability to have his own expert opine as to the supplemental opinions.  The Court finds that Hickey's initial report, while admittedly cursory, provided the essence of his opinions.  And if Defendant is permitted to depose Hickey before trial and if Defendant's expert is allowed to opine about matters provided in Hickey's supplemental report, then Defendant will not be harmed by the late supplementation of his report. Accordingly, Defendant's motion to exclude Hickey's supplemental report and opinions is denied.  But Defendant shall be permitted to depose Hickey prior to trial, Defendant's expert may offer testimony regarding Hickey's opinions contained in Hickey's supplemental report to the extent such testimony is otherwise admissible, and Defendant may move prior to trial to exclude any

of Hickey's opinions if grounds exist for exclusion under Rule 702.

## CONCLUSION

For the reasons explained above, Defendant's motion to exclude Plaintiff's expert testimony (ECF No. 24) is denied, and Plaintiff's motion to exclude Defendant's expert testimony (ECF No. 31) is denied except as specifically noted in this Order.

IT IS SO ORDERED, this 8th day of January, 2018.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA